## WARNER et v HOFFMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1257.   Decided Aug 8, 1935

Heald, Zimmerman, Clark & Machle, Dayton, for appellee.

John W. Bricker, Attorney General, Columbus, Herbert D. Mills, Dayton, and Robert N. Brumbaugh, Special Counsel, Dayton, for appellant.

### OPINION

By THE COURT

Submitted upon the application of appellee for rehearing on the authority of Home Savings & Loan Co. v Strain, Ohio Bar, July 1, 1935, page 53 (130 Oh St 53).

We were of opinion that the preference to the guardian should not be allowed for two reasons: (1) That the law, effective as of the date of the investment controlled the rights of the parties and (2) That under §11214 GC, after the investment was made, and the reports in the form of accounts filed with the Probate Court setting forth in detail the type of investment, the amount thereof, and where carried, the action of the Probate Court in settling and approving the accounts was the equivalent of an approval of the investment under the section.

The Supreme Court in the Strain case supported us in the first proposition heretofore set forth, but the second question was not before the court, insofar as we are able to determine from the opinion.

We say frankly that we are uncertain, under the Strain opinion if our position under proposition 2 above is tenable, but inasmuch as the court has not specifically passed on the question, and as we have heretofore held to like effect in Re: Tischer (Montgomery County) we believe the only proper course is to hold to our former judgment and overrule the motion for rehearing.  The question is one that should be determined by the Supreme Court and we presume that counsel for the appellant will prosecute error to that court.  As counsel know, we held the opinion in this case for many months awaiting decision in the Strain case.  We regret that there is not something in the Strain case which specifically treats of the proposition upon which, in part, we predicated our former opinion.

BARNES, PJ, and HORNBECK, J, concur.